# United States District Court
# Eastern District of California

| | |
|---|---|
| CLIFFORD JAMES SCOTT,<br><br>    Petitioner,<br><br>  v.<br><br>JAMES WALKER, Warden,<br><br>    Respondent. | 09-CV-01771 TJH<br><br>Order<br>[JS-6] |

     Before Petitioner's 2007 burglary conviction, Petitioner suffered a prior strike conviction and had served six prior prison terms.  The trial court, accordingly, sentenced Petitioner to ten years in state prison for the burglary conviction.  The California Court of Appeal affirmed the conviction, and the California Supreme Court denied review.  The trial court, state appellate court, and state supreme court denied Petitioner's subsequent *habeas* petitions.

     Petitioner claims that the trial court violated Petitioner's right to a fair trial and due process of law under the Fifth, Sixth, and Fourteenth Amendments when, in order to prove the intent element of the charged crime of burglary of a vehicle, the court admitted evidence of Petitioner's three prior convictions for unlawful taking or driving of a vehicle.

The petition is governed by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254. *Lindh v. Murphy*, 521 U.S. 320, 326, 117 S. Ct. 2059, 2063, 138 L. Ed. 2d 481, 488 (1997). Under the AEDPA, a federal court may not grant a writ of *habeas corpus* unless the state court's adjudication was either: 1) Contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or 2) Based on an unreasonable determination of the facts in light of the evidence presented at the State Court proceeding. 28 U.S.C. § 2254(d)(1-2). Petitioner has not demonstrated that he is entitled to relief under this standard.

The admissibility of evidence under state law is not cognizable in a federal *habeas corpus* proceeding. *Estelle v. McGuire*, 502 U.S. 62, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991). Whether admitting other crimes propensity evidence violates due process is a question the United States Supreme Court specifically reserved in *Estelle*. *Estelle*, 502 U.S. at 75, n.5. In fact, the Supreme Court has not clearly ruled that admission of irrelevant or overtly prejudicial evidence violates due process in a way warranting *habeas* relief. *Holley v. Yarborough*, 568 F.3d 1091, 1101 (9th Cir. 2009). Here, the only applicable, clearly established federal law requires a court to provide *habeas* relief when constitutional errors have rendered the trial fundamentally unfair. *Williams v. Taylor*, 529 U.S. 362, 375, 120 S. Ct. 1495, 1503, 146 L. Ed. 2d 389, 406-07 (2000).

However, even if, *arguendo*, the trial court erroneously admitted the prior conviction propensity evidence, the admission would not render the trial fundamentally unfair so as to constitute constitutional error. Here, the trial court instructed the jury only to use the evidence to determine if the Petitioner acted with the intent to commit theft. The jury is presumed to have followed this instruction. *Old Chief v. United States*, 519 U.S. 172, 196-97, 117 S. Ct. 644, 657-58, 136 L. Ed. 2d 574, 597-98 (1997). Moreover, the victim's friend heard the victim's car window shatter, walked over to the vehicle and observed Petitioner standing by the shattered window, observed the victim's personal belongings on the ground next to Petitioner's vehicle, and observed Petitioner's attempt

to kick those belongings underneath Petitioner's vehicle while claiming that his car was also burglarized. There was, also, a reduced risk of prejudice because the parties stipulated to the admission of the prior convictions propensity evidence. Thus, in light of all the evidence, the admission of the other crimes propensity evidence would not have had a substantial injurious effect or influence on the jury's verdict that would have made the trial fundamentally unfair. Accordingly, the Petitioner is not entitled to *habeas* relief.

It is Ordered that the petition be, and hereby is, Denied.

Date: November 8, 2012

Terry J. Hatter, Jr.
Senior United States District Judge